Filed 10/29/24  P. v. Wiseman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD WISEMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B335635<br>(Super. Ct. No. 18CR06306)<br>(Santa Barbara County) |

On October 24, 2019, Richard Wiseman pled guilty to inflicting corporal injury on a former spouse by strangulation (Pen. Code[1] § 273.5) and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)). He was sentenced to three years of probation.  Wiseman also pled guilty to stalking when a restraining order is in effect.  (§ 646.9, subd. (b).)  In December 2021, the trial court dismissed the stalking count on the ground that no restraining order was in effect.

---

[1] All statutory references are to the Penal Code.

On October 24, 2023, Wiseman filed a motion to vacate his conviction based on ineffective assistance of counsel and newly discovered evidence. (§ 1473.7.) The trial court denied the motion on the ground that the attached exhibits do not constitute new exculpatory evidence.

We appointed counsel to represent Wiseman in this appeal. After examining the record, counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, raising no issues.

On August 1, 2024, we advised Wiseman by mail that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.

On August 30, 2024, Wiseman filed a supplemental brief with approximately 100 pages of exhibits. This brief is incompressible. To the extent it attempts to raise issues of ineffective assistance of counsel or newly discovered evidence, the exhibits do not support Wiseman's claims. If Wiseman is relying on the belated discovery that the restraining order against him had expired, that issue was decided in his favor by the dismissal of the stalking conviction. Wiseman presents no authority requiring the court to vacate his conviction on the remaining offenses.

The appeal is dismissed. (*People v. Delgadillo* (2022) 14 Cal.5th 216.)

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.        BALTODANO, J.

2

Michael J. Carrozzo, Judge

Superior Court County of Santa Barbara

_____

     Alice Newman, under appointment by the Court of Appeal, for Defendant and Appellant.

     No appearance for Plaintiff and Respondent.